HOWARD D. BOGERT, JOHN J. BOGERT AND M. CATHE-
RINE DWYER, PLAINTIFFS-APPELLANTS, v. THE
TOWNSHIP OF WASHINGTON, A MUNICIPAL COR-
PORATION EXERCISING ITS FACULTIES IN THE
COUNTY OF BERGEN AND STATE OF NEW JERSEY,
PURSUANT TO THE AUTHORITY OF THAT STATE,
DEFENDANT-RESPONDENT.

Argued September 4, 1957—Decided October 7, 1957.

Mr. *Samuel M. Lyon, Jr.,* argued the cause for the appellants (*Messrs. Doughty and Dwyer,* attorneys; *Mr. John J. Bogert* on the brief).

Mr. *Lloyd L. Schroeder* argued the cause for the defendant-respondent.

The opinion of the court was delivered by

OLIPHANT, J.   The appellants brought an action in lieu of prerogative writ to set aside a supplement to the zoning ordinance of the defendant township on the ground that the regulation was unreasonable and arbitrary in its classification of the lands of the appellants.   The appellants are tenants in common of some 17.94 acres of land, constituting

the southerly three-quarters of Block 1202, situated in the northwest corner of the township. After a trial of the issues, Judge Leyden sustained the ordinance and judgment was entered in favor of the respondent township. On appeal to the Appellate Division this judgment was affirmed by a divided court. *Bogert v. Washington Township*, 45 *N. J. Super*. 13 (*App. Div.* 1957). Since there was a dissent in that court, this appeal is here as a matter of right. 1947 *Const., Art.* VI, *sec.* V, *par.* (1)(*b*). *R. R.* 1:2–1(*b*).

The supplement of the ordinance upgraded a certain area, including the lands of the appellants, from an AA Residential District to an AAA Residential District. In an AA residential district, the supplement required a minimum area of one-half acre and a frontage of 100 feet; in an AAA district the minimum area required is one acre and 150 feet frontage.

Washington Township is a small community, of about 3,200 acres, and is zoned almost exclusively for residential use with the exception of a small area allotted to retail businesses. The original zoning ordinance, adopted in 1941, divided the township into two districts designated A and B. About two-thirds of the community was in district A, which had a minimum lot requirement of 10,000 square feet and a frontage requirement of 100 feet per lot. In 1949 a major change was made in the requirements by creating an AA district with the minimum of one-half acre and a frontage of 100 feet. Appellants' property is in this zone.

The location of the appellants' property with regard to other properties involved in this problem will appear in clear prospective by reference to the map published in the minority opinion of the Appellate Division, *Bogert v. Washington Township, supra,* 45 *N. J. Super.* at *page* 21. The appellants' property, together with the other properties in this area, are bounded on the north by the Borough of Hillsdale, by the Borough of Hohokus and the Village of Ridgewood on the west, by the Borough of Paramus on the south, and on the east by Van Emburgh Avenue, a heavily traveled county road, established and laid out many years ago.

As initially proposed, the supplement ordinance placed all of the property in the triangle south of Washington Avenue in the AAA classification, but after hearings the supplement was amended and Blocks 1203, 1204, 1301, 1302 and 1303 were removed from the AAA district.

The fact that Block 1202 is the only block south of Washington Avenue retained in the AAA classification constitutes the gravamen of the appellants' complaint. The essence of the controversy is whether there is any substantial, rational or reasonable basis for placing the land of the appellants in the AAA classification and Blocks 1203, 1204, 1301, 1302 and 1303 in the AA classification.

A community is not required to select the best of all possible classifications, but the classification must be reasonable, without arbitrary discrimination, and made with the intent to provide for the best interests of all the community in the foreseeable future. It is basic to a zoning policy that all property in like circumstances is to be treated alike, and the restraints on the uses of property must be general and uniform in a particular district. The essence of zoning is a territorial division in consonance with the character of the lands and structures and their peculiar suitability for particular uses, and uniformity of use within the division. *Schmidt v. Board of Adjustment of City of Newark,* 9 *N. J.* 405 (1952); *Raskin v. Town of Morristown,* 21 *N. J.* 180, at *page* 192 (1956).

Zoning involves more than looking at a map and drawing what appears to be logical or natural boundaries. It is more than an exercise in plane geometry. The mere observation of a plat map, tax map, or zoning map will lead to misleading abstract deduction and error in the application of the above stated principles. *Cf. Leimann v. Board of Adjustment of Cranford Tp.,* 9 *N. J.* 336, 346 (1952).

There are many considerations which may validly apply to influence the way property in a district may be classified. Important among them are the prior existing uses in the district, the natural contours and topographical features of the land, in some instances the geological strata

of the land with particular relation to the effect of drainage and seepage upon water and sewage problems.

The resolution of the problem of the application of basic zoning principles to such interrelated facts and factors is essentially one for the judgment of the municipal legislative bodies. As long as the judgment establishing the classification of the districts is based upon substantial factors relevant to proper zoning, the judgment must be sustained. Thus, there is a presumption that such a judgment is valid.

A property owner attacking the validity of a zoning ordinance has the burden of overthrowing such presumption. It is not always necessary that the property owner prove that the effect of the regulation is to leave the property without any use to him. Such a restraint of all use is patently confiscatory and thus beyond the police power and statutory authorization. *Kozesnik v. Montgomery Township*, 24 *N. J.* 154, 182 (1957). But the property owner does have the burden of proving that there has been a *manifestly* arbitrary and unreasonable deviation from the principle that the essence of zoning is a territorial division in consonance with the character of the lands and structures and their peculiar suitability for particular uses, and a general uniformity of the restraints on the uses within a division or classification.

The determination of such question in each case depends on an evaluation of the proven facts within the ambit of the stated principles. The total factual situation in each case must be evaluated with a proper balancing of the many interrelated factors, each one of which may collide or qualify the other. If the issue is in doubt, the ordinance must be sustained.

We proceed to such an evaluation of this case. The appellants here rested their case after presenting one witness, who testified it was arbitrary to place the appellants' property in Block 1202 in the AAA classification while leaving the other real estate south of Washington Avenue in the AA classification. The township witnesses were largely influenced by the definition of the purposes of zoning and testified in a ritualistic manner that the zoning of the appellants' property

in the AAA classification would lessen congestion, secure safety from fire, prevent overcrowding of the land, guard against traffic problems, etc.

Such testimony simply answers the question why the AAA classification was created in the first place. It does not answer the question herein, why the appellants' property in Block 1202 was placed in the AAA classification and the balance of that block and the other property south of Washington Avenue was placed in the AA classification.

The present existing uses of property are a relevant factor to be considered when drawing a district. It may be poor zoning to create a district with a large number of non-conforming uses. A substantial amount of non-conformance will make the district less attractive to those who wish to come in with a conforming use and will probably create an increasing demand for variances and exceptions, and possibly destroy uniformity which is the ultimate end of zoning. *Cf. Grimley v. Ridgewood*, 45 *N. J. Super.* 574, 582 (*App. Div.* 1957).

The record here shows that in the five blocks south of Washington Avenue which are excluded from the AAA district, there are 24 parcels of land covering approximately 43 acres. Of these 24 parcels, 17 are less than an acre in size, and many others have been subdivided into one-half acres in accordance with the requirements of the AA district. It is conceded by all that property east of Van Emburgh Avenue is not suitable to be placed in the AAA classification, and we judicially note the fact that the Garden State Parkway runs parallel to Van Emburgh Avenue about 1,000 feet to the east. Of the two lots north of Washington Avenue, consisting of 51.4 acres, there are only two subdivisions of less than an acre. The appellants' property in Block 1202 in its present, natural, undivided state corresponds more closely with the property north of Washington Avenue which is in the AAA classification and the property adjacent to it on the west in Hohokus which is in a comparable category. The remainder of Block 1202 which is not owned by the appellants, consists of 5.6 acres upon which a single home was recently purchased for about $70,000. Thus, the AAA

classification with respect to these particular properties to the north and west does not appear to be unreasonable, and it is clear that by removing the properties south of Washington Avenue adjacent to the appellants' property and facing on Van Emburgh Avenue by placing such properties in the AA classification resulted in the elimination of non-conforming uses.

This northwest section of Washington Township is dominated geographically by a ridge which runs north and south, approximately through the center of the AAA district as now constituted. There is a gentle slope rising to the west of Van Emburgh Avenue, but as one starts up the hill the grade increases to a 16 to 20% grade which starts at the eastern point of Block 1202 and then reaches its crest at the center of the appellants' property, then shades off gradually to the Hohokus line where again it drops off abruptly. A little to the south the hill ends abruptly in Blocks 1201 and 1303, and it can thus be seen that the appellants' property, together with Blocks 1101 and 1201, comprise more or less of a topographical entity. This break-off in hill forms a natural abutment.

The zoning engineer for the township testified that where there is no public sewage system and you have to depend on a private sewage system, you must in turn rely on seepage to disseminate the sewage from the homes, otherwise you may contaminate the soil or water supply and create a health hazard in the community. It is a fact of common knowledge that the natural run-off of rain water from a natural formation as we have here will also present considerable problems in the lower area.

It is our considered opinion that in view of all the inter-related factors here applicable to Blocks 1203, 1204, 1301 and 1303, there are sound reasons for properly placing these properties in a separate category from Block 1202 containing the appellants' property. We think that the contention of the appellants that these lots should likewise be placed in the AAA classification is an unreasonable suggestion since the present existing uses would be non-conforming if such

were done. In view of the fact that Van Emburgh Avenue is a heavily traveled county road, we doubt that many purchasers of property would undertake to build the type of a home on these lots that is found higher on the ridge in the AAA district.

The municipality contends that by placing Block 1202 in the one-acre zone it will lessen congestion at the intersection of Weirmus and Washington Avenues, which is a dangerous corner, and that by permitting a more intensive development of the appellants' property it would increase the traffic at that corner. The corner is a naturally dangerous one and a little additional congestion does not seem to us to be overly important. At least, it is nothing that a traffic light or signs would not cure. Municipalities must expect to incur additional expense from minor traffic problems in rapidly growing communities, and they have ample power to regulate such problems by means other than attempting to eliminate such minor traffic problems, rather than by the restrictive use of the zoning power. This zoning power should only be used to deal with such problems in their major aspects as they affect the entire community or major portions thereof.

The judgment of the township in placing the appellants' property in the AAA classification is supported by the substantial relevant factors heretofore set forth, and as Judge Leyden and the Appellate Division found, and it must be sustained.

The judgment of the Appellate Division is therefore affirmed.

Mr. Justice HEHER votes to reverse for the reasons expressed in the dissenting opinion of Judge Francis in the Appellate Division of the Superior Court.

*For affirmance*—Chief Justice WEINTRAUB, and Justices OLIPHANT, WACHENFELD, BURLING and JACOBS—5.

*For reversal*—Justice HEHER—1.