96 N.J. Super. 351 (1967)
233 A.2d 73
IRVING BELLINGS AND MANNY SOLONDZ, PLAINTIFFS-APPELLANTS,
v.
THE TOWNSHIP OF DENVILLE IN THE COUNTY OF MORRIS, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, RUSSELL L. LASH, BUILDING INSPECTOR OF THE TOWNSHIP OF DENVILLE, AND THE BOARD OF ADJUSTMENT OF THE TOWNSHIP OF DENVILLE IN THE COUNTY OF MORRIS AND STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1967.
Supplemental Briefs Filed April 18 and June 29, 1967.
Decided July 25, 1967.
*353 Before Judges LEWIS, LABRECQUE and KOLOVSKY.
Mr. Joseph J. Vecchio argued the cause for appellants (Messrs. James, Wyckoff & Vecchio, attorneys).
Mr. James R. Hillas, Jr. argued the cause for respondent The Board of Adjustment of the Township of Denville (Messrs. Hillas & Thierfelder, attorneys).
Mr. Warren E. Dunn argued the cause for respondents The Township of Denville and Russell L. Lash, Building *354 Inspector of the Township of Denville (Messrs. Dunn & Ambrose, attorneys).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Plaintiffs appeal from a judgment of the Law Division which affirmed (1) the denial by the Denville Board of Adjustment of a special use exception and (2) the refusal of the Denville Township Committee to approve a recommended use variance, to permit erection by them of a contemplated 200-bed nursing and convalescent home.
Plaintiffs entered into a contract to purchase a nine-acre tract located in the township's R-1 (prime residential) zone. They then applied to the township building inspector for a permit to construct the first 100-bed section of the proposed nursing home. When their application was denied they appealed to the board of adjustment seeking either a special exception as an institutional use permitted under the ordinance or a use variance. After conducting hearings the board denied the application for a special exception on the ground that operation of the proposed nursing home did not qualify as an institutional use permitted under the ordinance. Subsequently, on September 2, 1965, the board adopted a resolution recommending to the governing body that a use variance pursuant to N.J.S.A. 40:55-39 (d) be granted, subject to certain conditions set forth therein.
At a regular meeting held on September 15, 1965 the township committee took up consideration of the recommendation of the board. After hearing plaintiffs' counsel and other interested persons the recommendation was rejected. Plaintiffs thereupon filed the present suit in lieu of prerogative writs. Both sides filed motions for summary judgment, the facts not being in dispute. After hearing argument the trial judge affirmed both the board's denial of a special exception and the committee's rejection of the board's recommendation of a use variance. Plaintiffs thereupon filed the present appeal.
*355 Plaintiffs first urge that the trial court was in error in upholding the denial of the exception by the board of adjustment. This point must be considered in the light of the fact that, subsequent to the entry of the judgment under review, the township committee adopted an amendment to the zoning ordinance specifically providing that a nursing home was not to be considered as an institutional use. Since the case must be determined by us on the basis of the ordinance currently in effect, Hohl v. Township of Readington, 37 N.J. 271, 279 (1962); Kligman v. Lautman, 91 N.J. Super. 488, 493 (App. Div. 1966), we granted leave to plaintiffs to file a supplemental brief in support of their challenge to the legality of the amended ordinance.
The ordinance in effect at the time of the application permitted "institutional uses" in all zones as exceptions to the ordinance. Such a use was defined as:
"316. INSTITUTIONAL USE. The use by a non-profit public use or a public or quasi-public institutional such as a church, school, library, hospital or public utility." (Emphasis added)
The board of adjustment in interpreting this section held that it did not authorize operation of a nursing home. The amendment under attack took the form of an added sentence which read:
"A Nursing Home shall not be included in the definition of an institutional use."
Plaintiffs urge that the ordinance as amended is arbitrary, capricious and unreasonable by reason of its exclusion of nursing homes, while permitting hospitals, as institutional uses.
In passing upon the validity of the present ordinance the role of the court is tightly circumscribed. There is a presumption that a municipality, in enacting or amending a zoning ordinance, acted reasonably, and that the resulting ordinance is a valid one. Ward v. Montgomery Tp., *356 28 N.J. 529, 539 (1959); Bartlett v. Middletown Tp., 51 N.J. Super. 239, 261 (App. Div. 1958), certif. denied 28 N.J. 37 (1958). The court cannot pass upon the wisdom of the particular ordinance and debatable issues and questions of policy which enter into the passage of an ordinance must be resolved in favor of the municipality. Vickers v. Township Committee of Gloucester Tp., 37 N.J. 232, 242 (1962), certiorari denied and appeal dismissed 371 U.S. 233, 83 S.Ct. 326, 9 L.Ed.2d 495 (1963). The wisdom of the course chosen by the governing body, as distinguished from its legality, is reviewable only at the polls. Kozesnik v. Montgomery Tp., 24 N.J. 154, 167 (1957).
We may interfere only when the presumption in favor of the ordinance is overcome by an affirmative showing that it is arbitrary or unreasonable when measured by the standards prescribed by N.J.S.A. 40:55-32. Kozesnik v. Montgomery Tp., supra, at p. 167; see also Schmidt v. Board of Adjustment, Newark, 9 N.J. 405, 416 (1952); Pierro v. Baxendale, 20 N.J. 17, 20-21 (1955). The burden of establishing the invalidity of the ordinance is upon the plaintiffs, Fischer v. Township of Bedminster, 11 N.J. 194, 204 (1952), and is a heavy one. See Vickers v. Township Committee of Gloucester Tp., supra, at p. 242; Ward v. Montgomery Tp., supra, at p. 539; Kozesnik v. Montgomery Tp., supra, 24 N.J., at p. 167.
Plaintiffs urge that the exclusion of nursing homes bears no substantial relation to the public health, safety, morals, convenience or welfare. In substance, they argue that (1) hospitals are permitted as an institutional use, (2) nursing homes create no more street congestion and involve no greater danger from fire, flood, panic, overcrowded land or buildings, or concentrated population than do hospitals, hence (3) the exclusion of nursing homes is arbitrary and capricious.
We perceive no merit to the point raised. The determination of what uses are to be permitted in a given zone is committed to the local governing body, subject to *357 the statutory purposes of zoning as expressed in N.J.S.A. 40:55-32. Physical, economic and social conditions determine what may be the most appropriate use of particular property. Bartlett v. Middletown Tp., supra, 51 N.J. Super., at p. 262. What use is more appropriate also depends, to a degree, on the needs of the municipality, present and reasonably prospective. Ibid. Even if the validity of the classification adopted be fairly debatable, it must be sustained. Pierro v. Baxendale, supra, 20 N.J., at p. 22; Vickers v. Township Committee of Gloucester Tp., supra, 37 N.J., at p. 242.
Here we cannot say that the exclusion of nursing homes was without a rational basis. While such homes partake of some of the characteristics of hospitals, they differ in many respects. The board of adjustment, in its resolution recommending a use variance, found that "hospitals provide intensive care and not that type provided in a nursing home as proposed," and that "the services and care provided [in a nursing home] would be of the type not normal to hospitals." In determining the needs of the community from the standpoint of the public health, safety and welfare, the governing body could have found that hospitals, as distinguished from nursing homes, provided emergency care in cases of accident or casualty, afforded facilities for surgery and intensive medical care, assisted in the training of physicians, surgeons and nurses, were subject to more complete regulation and control and in many cases rendered services without cost to those unable to pay.
We thus cannot say that the challenged classification bore no reasonable relation to the purposes of zoning. We therefore hold the ordinance as amended to be neither unreasonable nor arbitrary. Pierro v. Baxendale, supra; Morris v. Postma, 41 N.J. 354 (1964). The mere assertion that the area selected by plaintiffs for their project was well suited therefor because of the presence nearby of other institutional uses, does not dictate a contrary result. See Tidewater Oil Co. v. Mayor and Council of Carteret, 84 *358 N.J. Super. 525 (App. Div. 1964), affirmed 44 N.J. 338 (1965). Here the ordinance expressly permitted the operation of nursing homes in another zone.
By reason of the foregoing we find it unnecessary to pass upon plaintiffs' contention that the trial judge was in error in affirming the finding by the board of adjustment that the proposed use of their premises did not qualify as an institutional use permitted in the zone as a special exception.
Turning, finally, to plaintiffs' contention that the trial judge erred in upholding the denial of a use variance by the township committee, we have reviewed the points raised and find them to be without merit. We therefore affirm, as to this issue, substantially for the reasons set forth in the opinion of Judge Waugh in the Law Division.
Affirmed.