119 N.J. Super. 140 (1972)
290 A.2d 452
J.D. CONSTRUCTION CORP., A NEW JERSEY CORP., PLAINTIFF,
v.
BOARD OF ADJUSTMENT OF THE TOWNSHIP OF FREEHOLD AND TOWNSHIP OF FREEHOLD, IN THE COUNTY OF MONMOUTH, A MUNICIPAL CORPORATION OF NEW JERSEY, DEFENDANTS. FREEHOLD DEVELOPMENT CO., A PARTNERSHIP, PLAINTIFF,
v.
ZONING BOARD OF ADJUSTMENT OF THE TOWNSHIP OF FREEHOLD AND THE TOWNSHIP OF FREEHOLD, IN THE COUNTY OF MONMOUTH, A MUNICIPAL CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 18, 1972.
*143 Mr. John R. Halleran for plaintiff J.D. Construction Corp. (Messrs. Giordano, Giordano & Halleran, attorneys).
Mr. Marvin E. Schaefer for plaintiff Freehold Development Co.
Mr. Bernard I. Weinstein argued the cause for defendant Board of Adjustment of the Township of Freehold.
Mr. John A. Kaye argued the cause for defendant The Township of Freehold.
LANE, J.S.C.,
In these consolidated actions in lieu of prerogative writs plaintiffs, each of which sought a special exception under N.J.S.A. 40:55-39(b) to construct a garden apartment complex, appealed from denials by the defendant Board of Adjustment of the Township of Freehold and also contested the validity of certain provisions of the Zoning Ordinance of defendant Township of Freehold. At the conclusion of the final hearing the Court orally determined the appeals from the denials by the Board and decided an attack on certain provisions of the Zoning Ordinance. This opinion disposes of the two remaining issues, the validity of Article 10.26-9, subparagraph (W), and Article 7.1-3 of the Zoning Ordinance. Both plaintiffs challenge Article 10.26-9, subparagraph (W); plaintiff Freehold Development Co. challenges Article 7.1-3.
Article 10.26-9, subparagraph (W), provides:
The total number of individual apartment units in all apartment projects within the Township of Freehold shall not exceed fifteen (15) per cent of the total number of single family residences situated within the limits of the Township of Freehold.
*144 Article 7.1-3 provides:
Parking facilities may be located in any yard area in all zones. In single family residential zones any parking facilities with a capacity of more than four (4) vehicles shall be permitted only in a side or rear yard.
Municipalities have no inherent authority to enact zoning ordinances. Kirsch Holding Co. v. Borough of Manasquan, 111 N.J. Super. 359, 365 (Law Div. 1970), rev'd on other grounds 59 N.J. 241 (1971); Piscitelli v. Township Comm. of Tp. of Scotch Plains, 103 N.J. Super. 589, 594 (Law Div. 1968). Such authority is limited to that given by statute. Kohl v. Mayor and Council of Borough of Fair Lawn, 50 N.J. 268, 275 (1967); Morris v. Postma, 41 N.J. 354, 359 (1964); New York Cent. R. Co. v. Borough of Ridgefield, 84 N.J. Super. 85, 92 (App. Div. 1964); Piscitelli v. Township Comm. of Tp. of Scotch Plains, supra, 103 N.J. Super. at 594.
N.J. Const., Art. IV, § VI, par. 2, grants the Legislature power to enact enabling legislation to empower the municipalities to enact zoning legislation. N.J.S.A. 40:55-30 specifically gives municipalities authority to "limit and restrict to specified districts * * * regulate therein, buildings and structures according to their construction, and the nature and extent of their use, and the nature and extent of the uses of land * * *." N.J.S.A. 40:55-31 authorizes municipalities to create and regulate districts in order to carry out the purposes of the statute. All such regulations must be uniform for each class or kind of structure or use throughout the district, but the regulations in one district may differ from those in another. N.J.S.A. 40:55-32 sets forth the purposes of zoning legislation and the essential considerations. It provides:
Such regulations shall be in accordance with a comprehensive plan and designed for one or more of the following purposes: to lessen congestion in the streets; secure safety from fire, flood, panic and other dangers; promote health, morals or the general welfare; provide *145 adequate light and air; prevent the overcrowding of land or buildings; avoid undue concentration of population. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view of conserving the value of property and encouraging the most appropriate use of land throughout such municipality.
Zoning ordinances must be given a reasonable construction and application. They are to be liberally construed in favor of the municipality. N.J. Const., Art. IV, § VII, par. 11; Place v. Board of Adjustment of Borough of Saddle River, 42 N.J. 324 (1964); Yates v. Board of Adjustment of Franklin Tp., 112 N.J. Super. 156, 158 (Law Div. 1970).
Substantive due process demands that zoning powers, like all police power, must be reasonably exercised. A zoning regulation must not be unreasonable, arbitrary or capricious. The means selected must have a real and substantial relation to the object sought to be attained. The regulation must be reasonably calculated to meet the evil and not exceed the public need or substantially affect uses which do not have the offensive character of those which cause the problem sought to be ameliorated. Kirsch Holding Co. v. Borough of Manasquan, supra, 59 N.J. at 251; Schmidt v. Board of Adjustment, Newark, 9 N.J. 405, 414 (1952); Gabe Collins Realty, Inc. v. City of Margate City, 112 N.J. Super. 341, 346 (App. Div. 1970). The regulation must not impress unnecessary and excessive restrictions on the use of private property. Katobimar Realty Co. v. Webster, 20 N.J. 114, 122-123 (1955); Kent v. Borough of Mendham, 111 N.J. Super. 67, 77 (App. Div. 1970).
The test of the validity of a municipal zoning ordinance is the reasonableness of the ordinance viewed in light of existing circumstances in the community and the physical characteristics of the area. Cognizance must be taken of the problem to be solved by the municipality. Vickers v. Township Com. of Gloucester Tp., 37 N.J. 232, 245 (1962), *146 cert. den. and app. dism. 371 U.S. 233, 83 S.Ct. 326, 9 L.Ed.2d 495 (1963); Tidewater Oil Co. v. Mayor and Council of Borough of Carteret, 84 N.J. Super. 525, 536 (App. Div. 1964), aff'd 44 N.J. 338 (1965); Glen Rock Realty Co. v. Board of Adjustment of Borough of Glen Rock, 80 N.J. Super. 79, 88 (App. Div. 1963); Kirsch Holding Co. v. Borough of Manasquan, supra, 111 N.J. Super. at 365.
The party attacking the validity of a zoning ordinance has a heavy burden of affirmatively showing it bears no reasonable relationship to public health, morals, safety or welfare. Proof of unreasonableness must be beyond debate. Barone v. Bridgewater Tp., 45 N.J. 224, 226 (1965); Vickers v. Township Com. of Gloucester Tp., supra, 37 N.J. at 242; Fischer v. Township of Bedminister, 11 N.J. 194, 204 (1952); Johnson v. Montville Tp., 109 N.J. Super. 511, 519 (App. Div. 1970); Bellings v. Denville Tp. in Morris County, 96 N.J. Super. 351, 356 (App. Div. 1967); Graves v. Bloomfield Planning Bd., 97 N.J. Super. 306, 314 (Law Div. 1967). The presumption may be overcome by a showing on its face or in the light of facts of which judicial notice can be taken, of transgression of constitutional limitations or bounds of reason. Moyant v. Paramus, 30 N.J. 528, 535 (1959).
The judicial role in reviewing a zoning ordinance is tightly circumscribed. There is a strong presumption in favor of its validity. A court cannot pass upon the wisdom or lack of wisdom of an ordinance. It may only invalidate a zoning ordinance if the presumption in favor of its validity is overcome by a clear, affirmative showing that it is arbitrary or unreasonable. Harvard Ent., Inc. v. Board of Adj. of Madison, 56 N.J. 362, 368 (1970); Morris v. Postma, supra, 41 N.J. at 359; Vickers v. Township Com. of Gloucester Tp., supra, 37 N.J. at 242; Bogert v. Washington Tp., 25 N.J. 57, 62 (1957).
The functions of the legislative bodies and the judicial forums are distinct. The wisdom of a particular course chosen by a governing body is reviewable only at the polls. *147 Kozesnik v. Montgomery Tp., 24 N.J. 154, 167 (1957); Johnson v. Township of Montville, supra, 109 N.J. Super. at 519; Bellings v. Denville Tp., supra, 96 N.J. Super. at 356; Kirsch Holding Co. v. Borough of Manasquan, supra, 111 N.J. Super. at 367. In Kozesnik, supra, Chief Justice Weintraub (then Justice), said:
The zoning statute delegates legislative power to local government. The judiciary of course cannot exercise that power directly, nor indirectly by measuring the policy determination by a judge's private view. The wisdom of legislative action is reviewable only at the polls. The judicial role is tightly circumscribed. We may act only if the presumption in favor of the ordinance is overcome by a clear showing that it is arbitrary or unreasonable. [24 N.J. at 167]
The total factual setting must be evaluated in each case. If the validity of the ordinance is in doubt, the ordinance must be upheld. Euclid v. Ambler Realty Co., 272 U.S. 365, 388, 47 S.Ct. 114, 71 L.Ed. 303 (1926); Harvard Ent., Inc. v. Board of Adj. of Tp. of Madison, supra, 56 N J. at 369; Vickers v. Township Com. of Gloucester Tp., supra, 37 N.J. at 242; Bogert v. Washington Tp., supra, 25 N.J. at 62; Yanow v. Seven Oaks Park, Inc., 11 N.J. 341, 353 (1953); Bellings v. Denville Tp. in Morris County, supra, 96 N.J. Super. at 356.
The essence of zoning is to provide a balanced and well ordered scheme for all activity deemed essential to the particular municipality. Kozesnik v. Montgomery Tp., supra, 24 N.J. at 169; Berdan v. City of Paterson, 1 N.J. 199, 205 (1948); Oakwood at Madison, Inc. v. Township of Madison, 117 N.J. Super. 11, 18 (Law Div. 1971).
Plaintiffs argue that Article 10.26-9, subparagraph (W), limiting the number of apartment units to not more than 15% of the single-family residences, is arbitrary, unreasonable and capricious. They allege invalidity on the grounds that the 15% ratio is unrelated to any valid purposes of zoning set forth in N.J.S.A. 40:55-32 and that there are insufficient standards set forth to govern its application.
*148 Defendant Township contends that the 15% ratio regulates the extent of the use of property situated within a residential district for apartments pursuant to N.J.S.A. 40:55-31. It argues that (a) the 15% ratio "lessens congestion in the streets"; (b) "promotes health, morals or general welfare," since as the relationship of the number of apartments increases the health, morals and general welfare of the community as a whole decreases, and (c) the ratio prevents overcrowding of land and buildings and undue concentration of population. Essentially it argues the ratio regulates density.
Control of density of population is a proper zoning objective. Problems of congestion and overcrowding are legitimate concerns of the municipality and may be regulated by zoning ordinances. See Gruber v. Mayor, etc. of Raritan Tp., 39 N.J. 1, 9 (1962); Vickers v. Township Com. of Gloucester Tp., supra, 37 N.J. at 246-248; Lionshead Lake v. Township of Wayne, 10 N.J. 165, 173-174 (1952), app. dism. 344 U.S. 919, 73 S.Ct. 386, 97 L.Ed. 708 (1953); Mountcrest Estates, Inc. v. Rockaway Mayor and Tp. Com., 96 N.J. Super. 149, 154-155 (App. Div.), certif. den. 50 N.J. 295 (1967); Clary v. Borough of Eatontown, 41 N.J. Super. 47, 66 (App. Div. 1956). Cf. Kirsch Holding Co. v. Borough of Manasquan, supra, 59 N.J. at 253-254.
The Township argues that it has determined that to provide a well-balanced community it adopted the 15% ratio in accordance with the purposes set forth in N.J.S.A. 40:55-32. However, since the number of apartment units depends on the number of single-family residential units existing at any one time, the ratio does not accomplish any of the purposes set forth in N.J.S.A. 40:55-32. In fact, as the number of single-family residential units increases, the ratio could operate in such a way as to violate the statutory purposes.
It may be, although no opinion is expressed, that a ratio determined by a fixed number of single-family residences would be a valid device to prevent overdeveloping of land, *149 avoid undue concentration of population and lesson congestion in the streets. However, the present ratio by which the number of available apartment units is determined operates in such a manner that with each increase in the number of single-family residences the number of available apartment units likewise increases. Thus, the means attempted to be used to obtain valid purposes of zoning does not in fact operate to attain those purposes. Even assuming the means used did operate to attain valid purposes, the ratio would nonetheless be invalid as impressing an unnecessary and restrictive regulation on the use of private property. Density, overpopulation and congestion in the streets are proper considerations in a determination on a special exception application. The 15% ratio to promote those purposes is unnecessary.
Plaintiffs also argue that because Article 10.26-9, subparagraph (W), does not specify how the ratio is to be applied, the zoning officials are allowed to determine indiscriminately the procedure, with the result that the actual procedure used is arbitrary.
A zoning ordinance must be clear and explicit in its terms, setting forth adequate standards to prevent arbitrary and indiscriminate interpretation and application by local officials. Schack v. Trimble, 48 N.J. Super. 45, 53 (App. Div. 1957), aff'd 28 N.J. 40 (1958); Jantausch v. Borough of Verona, 41 N.J. Super. 89, 104 (Law Div. 1956). aff'd 24 N.J. 326 (1957). See 8 McQuillin, Municipal Corporations (3d ed. rev'd 1965), § 25.59 at 147; Id., § 25.62 at 157. It should be noted that while the court ascribes to the requirement of clear terms and adequate standards, it questions so much of Schack and Jantausch as could be read to hold that zoning ordinances are to be strictly construed.
Article 10.26-9, subparagraph (W), does not specify how a determination of the available number of apartment units is to be determined. The practice has been to determine the number of single-family residential units by the number of certificates of occupancy which have been issued. However, *150 the number of existing apartment units is not determined by the number of certificates of occupancy issued but by the number of units authorized by special exception, regardless of whether such units have been constructed. The effect is that an applicant may be denied a special exception because of an application of the 15% ratio, based on a number of apartment units which do not exist and may never be constructed. There is no rational basis for the method by which the number of available apartment units is determined. A rational method would be to determine the number of both existing single-family residences and existing apartment units on the same basis, either by the number of certificates of occupancy issued or by the number of building permits.
Article 10.26-9, subparagraph (W), clearly does not fulfill any of the purposes of zoning set forth in N.J.S.A. 40:55-32 and fails to set forth sufficient standards to govern its application. It is invalid.
Plaintiff Freehold Development Co. argues that Article 7.1-3 is invalid because it "bears no reasonable relationship to the application of Company. In the alternative, the same is vague, uncertain and unconstitutional." This provision limits parking of four or more vehicles to a side or rear yard. In its oral decision the Court held that by the terms of the Zoning Ordinance, this Article applied to special exception applications for garden apartments.
The only possible purpose for the restriction would be for aesthetic considerations, to conserve the value of property and encourage its most appropriate use. See United Advertising Corp. v. Metuchen, 42 N.J. 1, 6 (1964); Vickers v. Township Com. of Gloucester Tp., supra, 37 N.J. at 247-248; Piscitelli v. Township Comm. of Tp. of Scotch Plains, supra, 103 N.J. Super. at 597-598. While the restriction may bear a reasonable relationship to such a purpose as applied to single-family residences in a single-family residential district, it bears no such relationship as applied to garden apartment complexes in which apartment buildings and parking facilities are frequently arranged at various *151 angles and positions in relation to the property's "frontage" on a public street.
Plaintiff argues that the Article when applied to garden apartment complexes is vague, uncertain and indefinite. "Front yard" parking for four or more cars is prohibited in single-family residential zones. The definition of "front yard" set forth in the ordinance is vague and uncertain as applied to plaintiff's proposed use where there are internal private roadways. The definition of "front yard" in the ordinance does not readily apply to the present situation, and the determination of what is a "front yard" is therefore left largely up to the Board. A similar situation exists with the the definitions of a "rear yard" and a "side yard."
Article 7.1-3 as applied to apartment complexes is invalid.
This determination, of course, will not affect the ruling on the Board's denial of plaintiff Freehold Development Co.'s application for a special exception since plaintiff failed to show that the exception could be granted without substantial detriment to the public good regardless of the off-street parking facilities.
Judgment dealing with all issues will be submitted in accordance with R. 4:42-1 by the attorneys for J.D. Construction Corp.