130 N.J. Super. 461 (1974)
327 A.2d 669
WALLINGTON HOME OWNERS ASSOCIATION, AN UNINCORPORATED ASSOCIATION, AND ANDREW P. VASCO, PLAINTIFFS-RESPONDENTS,
v.
BOROUGH OF WALLINGTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT, AND JAMES NUCKEL, INTERVENOR-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 4, 1974.
Decided March 25, 1974.
*462 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. Marvin Olick argued for appellant (Messrs. Gruen, Sorkow and Sorkow, attorneys).
Mr. Malcolm Blum argued for respondents (Messrs. Sirota, Carlton & Blum, attorneys).
Mr. Lawrence G. Goodman argued for intervenor (Messrs. Goodman, Stoldt & Breslin, attorneys; Mr. Allen M. Bell on the brief).
PER CURIAM.
This is an appeal by defendants Borough of Wallington (Borough) and James Nuckel (Nuckel) from a portion of a judgment declaring that an amendment to the Borough's zoning ordinance, which created a "Planned Commercial" (P-C.) zone for an area of undeveloped land, was invalid because it constituted "spot zoning" and did not meet the statutory purposes of zoning set forth in N.J.S.A. 40:55-32.
The property involved is known as "Roehr's Tract" consisting, in all, of 27 acres. It is rectangular in shape having an average width of 830 feet, an average depth of 1,620 feet, with a frontage on Paterson Avenue of 730 feet. The tract rezoned to "Planned Commercial" consists of four acres of the "Roehr's Tract." The remaining 23 acres were rezoned Residential (R-4) and no appeal was taken therefrom.
Plaintiff is an association of residential property owners living near the "Roehr's Tract."
Most of the "Roehr's Tract" had previously been zoned R-1. (One-family residential use) with the area facing Paterson Avenue zoned LI-C. (Light Industry-Commercial) for a depth of 200 feet. The latter permitted business offices, banks, restaurants, dry cleaners, gas and service stations, building supply warehouses, bowling alleys, stores for the sale of drugs, candy and tobacco, small manufacturing laboratories and mortician use. The new P-C. zone permits the *463 land to be used for business and professional offices, retail department stores, food supermarkets and medical arts buildings. And it extends said zone to a depth of 400 feet whereas the previous LI-C. zone went to a depth of 200 feet.
Intervenor Nuckel purchased the land from the Roehr's Company in 1969. The tract was the last remaining undeveloped tract of substantial size in Wallington.
The trial judge struck down the P-C. zone for these reasons as he expressed it in his letter opinion: "The court finds that the change for this property from 200 feet to 400 feet does not benefit Wallington but appears to be a special benefit inuring to the benefit of the property owner." He added his personal opinion that the flow of shoppers would probably be away from and not to the Wallington area and therefore there would be no need for the supermarket which Nuckel projects as the future use of the property. The Borough on the other hand contended that there was a need for such facility especially so because, since the adoption of the zoning ordinance in 1964, two large garden apartment complexes were built within a few blocks of the site.
What we have is essentially a disagreement between what the municipal authorities believed to be appropriate zoning for the subject tract and what the trial judge conceived to be appropriate.
Without reciting the various circumstances and contentions here we have decided to reverse the judgment invalidating the amendment of the ordinance insofar as it created the P-C. zone. Plaintiffs have failed to sustain the heavy burden which is theirs in this context.
The party attacking the validity of a zoning ordinance has a heavy burden of affirmatively showing it bears no reasonable relationship to public health, morals, safety or welfare. Proof of unreasonableness must be beyond debate. [Citations omitted]. The presumption may be overcome by a showing on its face or in the light of facts of which judicial notice can be taken, of transgression of constitutional limitations or bounds of reason. [Citation omitted].
The judicial role in reviewing a zoning ordinance is tightly circumscribed. There is a strong presumption in favor of its validity. *464 A court cannot pass upon the wisdom or lack of wisdom of an ordinance. It may only invalidate a zoning ordinance if the presumption in favor of its validity is overcome by a clear, affirmative showing that it is arbitrary or unreasonable. [Citations omitted].
The functions of the legislative bodies and the judicial forums are distinct. The wisdom of a particular course chosen by a governing body is reviewable only at the polls. [Citations omitted]. [J.D. Const. v. Bd. of Adjust. Tp. Freehold, 119 N.J. Super. 140, 146 (Law Div. 1972); emphasis added.]
See also Johnson v. Township of Montville, 109 N.J. Super. 511, 519 (App. Div. 1970).
Chief, then Associate, Justice Weintraub said in Kozesnik v. Montgomery Twp., 24 N.J. 154, 167 (1957):
The zoning statute delegates legislative power to local government. The judiciary of course cannot exercise that power directly, nor indirectly by measuring the policy determination by a judge's private view. The wisdom of legislative action is reviewable only at the polls. The judicial role is tightly circumscribed. We may act only if the presumption in favor of the ordinance is overcome by a clear showing that it is arbitrary or unreasonable.
More recently it has been held by our Supreme Court:
It is fundamental that zoning is a municipal legislative function, beyond the purview of interference by the courts unless an ordinance is seen in whole or in application to any particular property to be clearly arbitrary, capricious or unreasonable, or plainly contrary to fundamental principles of zoning or the statute. N.J.S.A. 40:55-31, 32. It is commonplace in municipal planning and zoning that there is frequently, and certainly here, a variety of possible zoning plans, districts, boundaries, and use restriction classifications, any of which would represent a defensible exercise of the municipal legislative judgment. It is not the function of the court to rewrite or annul a particular zoning scheme duly adopted by a governing body merely because the court would have done it differently or because the preponderance of the weight of the expert testimony adduced at a trial is at variance with the local legislative judgment. If the latter is at least debatable it is to be sustained. Kozesnik v. Montgomery Twp., 24 N.J. 154, 167 (1957); Vickers v. Tp. Com. of Gloucester Tp., 37 N.J. 232, 242 (1962), cert. den. and app. dism., 371 U.S. 233, 83 S.Ct. 326, 9 L.Ed.2d 495 (1963). [Bow & Arrow Manor v. Town of West Orange, 63 N.J. 335, 343 (1973)].
Plaintiffs have failed to overcome the presumed validity of the municipal action here involved.
*465 Nor do we find that the adoption of the amendment constituted "spot zoning."
For several years many studies were made of the area and recommendations made to the Borough as to the zoning of the "Roehr's Tract" before the instant amendment was adopted. This was not a "singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owners of such property and to the detriment of other owners," Jones v. Zoning Bd. of Adjustment, Long Beach Tp., 32 N.J. Super. 397, 404 (App. Div. 1954). This tract was the last large available piece of land in the Borough. The trial judge's "opinion" that it was improbable that shoppers would flow from surrounding communities to the subject area is not supported in the record. A judge's private knowledge is entitled to no weight at all. Amadeo v. Amadeo, 64 N.J. Super. 417, 424 (App. Div. 1960). Defendant's expert, fully qualified to give his opinion, felt that a shopping center would do well in the area. This conformed to the judgment of the local officials.
The judgment of the Law Division is reversed.