**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5487-15T1

ASPHALT PAVING SYSTEMS, INC.,

    Plaintiff-Appellant,

v.

ASSOCIATED ASPHALT PARTNERS,
LLC and ASSOCIATED ASPHALT
TRANSPORT, LLC,

    Defendants-Respondents.

_____

Argued October 2, 2017 — Decided October 19, 2017

Before Judges O'Connor and Vernoia.

On appeal from Superior Court of New Jersey,
Law Division, Atlantic County, Docket No. L-
0978-16.

Colin G. Bell argued the cause for appellant
(Hankin Sandman Palladino & Weintrob,
attorneys; Mr. Bell, on the brief).

Kathleen F. Beers argued the cause for
respondents (Westmoreland Vesper Quattrone &
Beers, attorneys; Ms. Beers, on the brief).

PER CURIAM

Plaintiff Asphalt Paving Systems, Inc., appeals from an August 16, 2016 order which, among other things, confirmed an arbitration award entered against it and in favor of defendants Associated Asphalt Partners, LLC and Associated Asphalt Transport, LLC. Having reviewed the parties' arguments in light of the record and the applicable legal principles, we reverse and remand for further proceedings.

I

The pertinent facts in the record are as follows. In 2012, defendants sold plaintiff asphalt emulsion, which they delivered to plaintiff's property in two tankers. Plaintiff kept the tankers on its property and used the product as needed. The tankers were subsequently stolen from plaintiff's property. Defendants sued plaintiff, contending it was responsible for the loss of their tankers.

The parties settled shortly after the complaint was filed. Plaintiff agreed to provide defendants with replacement tankers of a certain quality. The settlement agreement (agreement) further provided that if a dispute arose under the agreement, the matter would be resolved by binding arbitration, with the prevailing party entitled to counsel fees. The agreement designated the person who drafted the agreement on behalf of the parties as the arbitrator of any disputes.

A dispute subsequently developed under the agreement, the details of which are not relevant to the issues on appeal, and the parties submitted their dispute to arbitration. It is not contested that, at the conclusion of the hearing, the arbitrator posed the following question to the parties: "What would be the result if I determined the agreement is too ambiguous to enforce?"

According to the verified complaint plaintiff filed in this matter, a witness for defendants (witness) responded to the arbitrator's question by jumping up, pointing his finger at the arbitrator, and loudly stating, "I will tell you what happens. You get sued for malpractice." The complaint further alleges the witness continued "in a high pitched tone railing about . . . how the arbitrator would be held accountable," and that the arbitrator appeared to be visibly affected by the "verbal assault." Six days later, the arbitrator issued an award finding plaintiff had violated the terms of the agreement and that an additional arbitration hearing would be scheduled to consider the issue of damages.

In its complaint plaintiff alleges the arbitrator ruled in favor of defendants as a result of the witness's threats and, therefore, the award was procured by undue means. As relief, plaintiff seeks vacatur of the arbitration award pursuant to

N.J.S.A. 2A:23B-7, a stay of further arbitration proceedings pursuant to N.J.S.A. 2A:23B-7, and attorney fees. The trial court entered an order to show cause scheduling the matter for a return date, at which time defendant was to show cause why the award should not be vacated, the parties should not be ordered to re-arbitrate their dispute before a different arbitrator, and defendants should not be preliminarily enjoined from conducting any further arbitration proceedings until the disposition of the complaint.

In response to the plaintiff's application, defendants submitted a certification from their attorney, who disputed the witness behaved in the manner plaintiff alleged after the arbitrator asked the subject question. The attorney maintained the witness did not become angry or confrontational after the arbitrator posed his question. The attorney claimed the witness merely stated in a jocular tone "well, you'll get sued." The attorney claimed the witness was joking when he made this statement, and the arbitrator even laughed in response.

Following oral argument on the return date of the order to show cause, the court denied plaintiff all of the relief it sought in its complaint. Although the court noted there were material facts in dispute, it determined the arbitrator "has a lot of experience" and "would not be influenced by any kind of

4

gibberish that came up, whether it's from a lawyer, a witness, or . . . anyone else that stepped into the arbitration proceeding about any kind of threats." The court also observed one acting in the capacity as arbitrator is immune from civil liability, citing N.J.S.A. 2A:23B-14(a), suggesting for that reason the arbitrator would not be intimidated by the prospect of being sued for legal malpractice.

Although somewhat unclear, the standard the court appears to have applied to determine the merits of the request to vacate the award were the four factors our Supreme Court held in Crowe v. DeGioia are to be considered when determining whether to issue a preliminary injunction.[1] Id. at 132-34. Finally, without explicitly stating it was a factor the court relied upon to deny any of plaintiff's requests for relief, the court commented plaintiff should have but failed to apply to the arbitrator for a modification or correction of the award under N.J.S.A. 2A:23B-20.

---

[1] These four factors are whether the relief requested: (1) is needed to prevent irreparable harm; (2) rests on settled law; (3) has a reasonable probability of succeeding on the merits; and (4) after balancing the relative hardships of the parties, reveals greater harm would occur if a stay were not granted than if it were. Crowe v. DeGioia, 90 N.J. 126, 132-34 (1982).

On appeal, plaintiff's principal contention is the court improperly relied upon its personal knowledge of the arbitrator to determine the award was not influenced by the alleged threat made by the witness. Plaintiff argues the trial court was obligated to hold an evidentiary hearing to determine if the witness threatened the arbitrator and, if so, whether such threat influenced the arbitrator's decision. In addition, plaintiff complains the court utilized the wrong standard when it evaluated and rejected plaintiff's request to vacate the arbitration award.

Our Supreme Court has held arbitrators must maintain "high standards of honesty, fairness and impartiality." Barcon Assocs., Inc. v. Tri-County Asphalt Corp., 86 N.J. 179, 188 (1981). A court may vacate an arbitration award if, among other circumstances, "the award was procured by corruption, fraud, or other undue means." N.J.S.A. 2A:23B-23(a)(1). The party alleging an arbitrator has violated the duty of honesty, fairness, and impartiality must prove the alleged violation by a preponderance of the evidence. Barcon, supra, 86 N.J. at 191. Our review of a decision on a motion to vacate an arbitration award is de novo. Manger v. Manger, 417 N.J. Super. 370, 376 (App. Div. 2010).

Here, plaintiff contends the arbitration award was secured by undue means; specifically, defendants' witness threatened to take legal action or at least insinuated he might instigate some adverse action against the arbitrator. In turn, in order to protect himself, the arbitrator ruled in favor of defendants.

Plaintiff concedes the arbitrator has immunity if acting in such capacity, see N.J.S.A. 2A:23B-14(a), but argues that, as the one who drafted the settlement agreement, the arbitrator was exposed to liability if the agreement were found to be vague and defendants were damaged as a result. Therefore, plaintiff maintains that, in light of the witness's aggressive behavior toward the arbitrator, he found in favor of defendants to discourage them from filing any adverse actions against him.

As noted, defendants claim the witness did not exhibit any hostility toward the arbitrator during the hearing, and that the arbitrator's decision was not procured by any undue means. In our view, questions of fact exist that cannot be resolved without conducting an evidentiary hearing. These questions are whether the witness made a material threat against the arbitrator and, if so, whether such threat influenced his decision. Without question, the trial court was not permitted to rely upon his personal knowledge of the arbitrator to resolve these important issues. A judge's personal knowledge of the

7

facts in issue cannot be accorded any weight.  See Wallington Home Owners' Ass'n v. Wallington, 130 N.J. Super. 461, 465 (App. Div. 1974), aff'd o.b. 66 N.J. 30 (1974).

Accordingly, we reverse and remand this matter for an evidentiary hearing.  Further, because the court has expressed an opinion about the arbitrator's credibility, we conclude it is appropriate the matter be assigned another judge.

Finally, in its decision the court referenced N.J.S.A. 2A:23B-20, suggesting plaintiff should have sought a modification of the award from the arbitrator before seeking relief from the court.  Our reading of the statute differs from that of the trial court.  There is no requirement a party first seek the kind of relief sought here from the arbitrator before resorting to the court.

Because of our disposition, we need not address any of plaintiff's remaining arguments.

Reversed and remanded for further proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION